RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/25/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SYNOVUS BANK, F/K/A COLUMBUS BANK AND TRUST COMPANY, AS SUCCESSOR IN INTEREST THROUGH NAME CHANGE BY MERGER WITH COASTAL BANK AND TRUST OF ALABAMA, D/B/A COASTAL BANK AND TRUST | : | DOCKET NO. 2:11-0341 |
| VS. | : | JUDGE TRIMBLE |
| THE ACCU X, OFFICIAL NO. 531578, IN REM, | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #16) filed by plaintiff, Synovus Bank, ("Synovus") formerly known as Columbus Bank and Trust Company, as successor in interest through name change by merger with Coastal Bank and Trust of Alabama, d/b/a Coastal Bank and Trust, who respectfully moves for an Order granting Summary Judgment in favor of Plaintiff and against Defendant, ACCU X (Official No. 531578), her hull, engines, tackle, furniture, gears, electronics, equipment and appurtenances, etc., *in rem*, in the amount of $4,156,151.70, plus interest accruing at $830.18 per diem since February 2, 2011, together with costs including all *in custodia legis* expenses incurred at $200 per day since March 2, 2011.

## FACTUAL STATEMENT

On or about February 19, 2008, Accumarine Transportation, LP ("Accumarine") purchased

the pushboat, ACCU X. The purchase was financed by plaintiff, Synovus.[1] Accumarine executed a promissory note which was later modified by plaintiff. The note, as modified was secured by a First Preferred ship Mortgage signed by Accumarine's duly authorized manager, Henry P. Wuertz, and dated February 20, 2008.[2] The promissory notes, as modified provided that upon default, all remaining sums plus accrued interest would become immediately due and payable.[3] The amount of the modified promissory notes was for FOUR MILLION ONE HUNDRED EIGHT THOUSAND FIVE HUNDRED AND NO/100THS DOLLARS ($4,108,500.00). Accumarine defaulted under the terms of the both the original and modified promissory notes. Plaintiff demanded full repayment of the loan principal plus interest following Accumarine's default via letter dated February 2, 2011. Accumarine failed to make any payments after the demand letter. As of February 2, 2011, the total amount of the loan outstanding, including principal, accrued interest, late charges and attorneys' fees, totaled $4,156,151.70 with interest continuing to accrue daily at $830.18 per diem.[4] Plaintiff has also incurred additional *in custodia legis* expenses subsequent to the seizure of the ACCU X by the U.S. Marshal's service including, but not limited to, $200 per day since March 2, 2011, as an expense required in hiring a substitute custodian.

Plaintiff seeks to enforce its lien against the ACCU X pursuant to 46 U.S.C. § 31325

---

[1] Formerly known as Columbus Bank and Trust Company, as successor in interest through name change by merger with Coastal Bank and Trust of Alabama, d/b/a Coastal Bank and Trust.

[2] The mortgage covered certain vessels, including the ACCU X, and was filed with the U.S. Coast Guard Vessel Documentation Service on February 20, 2008.

[3] R. #1, Promissory Notes attached to verified complaint.

[4] Plaintiff's exhibit 1, Affidavit of Joel Bodiford, ¶ 8.

wherein Maritime Law recognizes a lien against a vessel in favor of the holder of a first preferred ship mortgage. Plaintiff submits that ACCU X's owner, Accumarine, has admitted in its answer the validity of the promissory notes as modified and the mortgages, including the supplements.[5] Thus, plaintiff seeks summary judgment in its favor against the ACCU X in the amount of $4,156,151.70, plus interest accruing at $830.18, per diem since February 2, 2011, against the ACCU X, her hull, engines, tackle, furniture, gear, electronics, equipment and appurtenances, etc., *in rem*, together with costs including all *in custodia legis* expenses.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[7] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[8] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[9] Once the movant makes this showing, the burden shifts to the non-moving

---

[5] R. #13, ¶ 6.

[6] Fed. R.Civ. P. 56(c).

[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[8] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[9] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

3

party to set forth specific facts showing that there is a genuine issue for trial.[10] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[11] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[12] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[13]

## **LAW AND ANALYSIS**

Defendant, Accumarine, does not contest the facts of the default, but instead contests (1) the measures Synovus took to collect on the principal or interest, including notices of default or notices of deficiency, (2) facts discrediting Accumarine's affirmative defenses, (3) whether Synovus Bank was able to arrest the ACCU X in the past, but failed to do so, and (4) the amount of interest that has accrued on the debt as a result of Synovus' failure to mitigate its damages.

*Is Synovus' motion for summary judgment premature?*

Accumarine maintains that because discovery has not been conducted in the instant case, the motion for summary judgment is premature. Accumarine complains that the motion was filed a mere nine days after Accumarine filed its answer and before a discovery plan had been issued by the court. Accumarine suggests that the court should either deny the motion or defer a hearing on the motion

---

[10] Anderson, 477 U.S. at 249.

[11] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[12] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[13] Anderson, 477 U.S. at 249-50.

4

until full discovery can be made by the non-movant. Accumarine relies on the affidavit of attorney Paxton Crew which alleges why defendant is unable to present evidence to create a genuine issue of material fact. Specifically, Accumarine asserts that it needs information contained in Synovus' corporate files to determine why Synovus delayed nearly eighteen months in making any efforts to collect on the debt. Accumarine also asserts that it is entitled to conduct discovery on the quantum of damages alleged in Synovus' complaint, and whether or not it owes on the alleged delinquent loans.

Accumarine cites numerous cases that caution courts against deciding motions for summary judgment prior to discovery.[14] Accumarine also notes that it has hired the marine survey firm of 3D Marine to conduct a valuation survey of the ACCU X in order to establish the fair market value of the ACCU X for purposes of posting bond pursuant to Supplemental Admiralty Rule E(5)(a) to have the vessel released. Alternatively, Accumarine seeks a continuance of the motion to allow appropriate discovery to prepare its defenses.

Accumarine argues that because it has asserted numerous affirmative defenses – laches, waiver, promissory estoppel, equitable estoppel, failure to join a necessary party, release, setoff and recoupment, lack of conditions precedent, and failure to mitigate – and plaintiff's motion for summary judgment does not address these defenses, summary judgment is inappropriate. Accumarine suggest that because certain defenses, such as promissory estoppel and waiver, have an element of intent, a grant of summary judgment is inappropriate where no discovery has been

---

[14] Witchita Falls Office Associates v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992)(quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991); Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 354 (5th Cir. 1989); Galaxy Tire, Inc. v. Terwilliger, 1999 WL 548705, at *2 (5th Cir. July 14, 1999) (citing Fine v. American Solar King Corp., 919 F.2d 290, 298 (5th Cir. 1990).

conducted.[15] As to the defense of laches, Accumarine argues that this is an equitable defense which by its nature is inappropriate for summary judgment because it involves a factual question and is determined on a case by case basis.[16]

Finally, Accumarine maintains that the Promissory Note that secures the ACCU X contains an arbitration clause which requires all disputes to be resolved in Mobile Alabama pursuant to the Rules of the American Arbitration Association. Accumarine argues that Synovus is attempting to bypass the deficiency valuation requirement by seeking judgment in its favor for the full amount of the debt owed. Accumarine asserts that this court should not enter judgment against it for the quantum of damages requested, but in the event Accumarine is unable to post security, the court should order it to be sold at Judicial Auction.

Synovus maintains that there is no issue of fact raised as to the liability of the M/V ACCU X *in rem*, for the amounts due under the note. Synovus relies on the affidavit of Paxton N. Crew, counsel for ACCU X, § 2 which provides in pertinent part as follows:

> Accordingly, Accumarine Transportation, L.P. is unable to present evidence creating a genuine issue of material fact at this time. Limited discovery is necessary to determine whether Plaintiff's delay was reasonable under the circumstances and to determine the parties' intentions at the time of the ACCU X's arrest.[17]

Synovus maintains that Accumarine has failed to submit evidence to controvert the amount due under the note; thus, there is no genuine issue of material fact for trial. Synovus notes that the

---

[15] Citing Galaxy Tire, 1999 WL 548705 at *2.

[16] Citing Avondale Shipyards, Inc. v. Vessel Thomas E. Cuffe, 434 F.Supp. 920, 932 (E.D. La. 1977) (citing Watz v. Zapata Off-shore Co., 431 F.2d 100, 112 (5th Cir. 1970); Kenney v. Trinidad Corp., 349 F.2d 832 (5th Cir. 1965)).

[17] R. #28-3.

vessel is under arrest and being held at considerable daily expense of the seizing creditor, the amount due on the note far exceeds not just the value of the vessel, but exceeds the value of all of the vessels covered under the note, and there is no dispute that the documents are authentic, and that all principal and interest is due and has not been paid.

Synovus challenges Accumarine's assertion that it needs to conduct discovery to determine why Synovus delayed 18 months to arrest the vessel. Synovus argues that the Notes provide that payments of principal and interest are due regardless of the delay in arrest referring to the following provision:

> The Maker shall remain liable for the payment of this note, including interest, notwithstanding any extension or extensions of time of payment, or any indulgence of any kind or nature that Holder may grant or permit, whether with or without notice to the Maker, and the Maker hereby waives such notice.[18]

Synovus argues that the delay in arrest, *in rem* is not a defense to a First Preferred ship Mortgage where the payment schedule does not expire until February 20, 2013. The court agrees. Accumarine has cited no supporting authority as to this defense and how it applies to the First Preferred Ship Mortgage. Accordingly, we find no merit to Accumarine's defense and further find that Accumarine has failed to create a genuine issue of material fact as to this defense.

Synovus has attached the Supplemental Affidavit of Joel Bodiford which establishes all payments made from the time of issuance of the last Promissory Note on 2/29/2009 to the present. Accumarine maintains that it is entitled to conduct discovery on the quantum of damages, but provides the court with no summary judgment evidence to dispute said amounts. Synovus stipulates and agrees to accept a summary judgment *in rem* for the amounts due with respect to principal,

---

[18] Plaintiff's exhibit 2, p. 2; Plaintiff's exhibit 6, p. 1, last ¶, R. #31-4.

interest at the rate provided in the Note, and court costs against the vessel *in rem*, and waiving its *in rem* claim for attorney fees and late charges, but reserves all remedies for these fees and all other available remedies against the maker and guarantors *in personam*. Synovus remarks that this proceeding has no *in personam* claim. Thus, Synovus maintains that there is no dispute as to the exact amount due. The court finds that because Accumarine has failed to file any summary judgment evidence to dispute the amount owed, and further, because Synovus stipulates and agrees to accept a summary judgment *in rem* for the undisputed amount due with respect to principal, interest, and custodial fees, Synovus is entitled to summary judgment in its favor for these amounts.

Synovus argues that any arguments asserted with respect to a defense by Accumarine *in personam* or as to its guarantor *in personam* are not properly made in this suit because this suit is an *in rem* proceeding. We agree and find that any such defense is without merit.

Synovus asserts that it is inconceivable that Accumarine could have an estoppel defense yet not have knowledge about it. Synovus remarks that the estoppel defense asserted by Accumarine in another ship seizure case was flatly rejected because Accumarine failed to come forward with affidavits or deposition testimony to show why there is a genuine issue of material fact.[19] In that case, the court held that because the Promissory Note contained an "entire agreement" clause, this defeated Accumarine's defenses of promissory and equitable estoppel.

Synovus has not asserted that the Promissory Notes in this case contains an entire agreement clause, rather that it was incumbent upon Accumarine to present summary judgment evidence to create a genuine issue of material fact to support its estoppel defense. Accumarine cannot rely on

---

[19] Regions Equipment Finance Corp. v. AT 2400, et al, 2011 WL 1565982 (5th Cir. 2011).

allegations of a defense in order to defeat a summary judgment motion. Again, Accumarine has failed to submit summary judgment evidence to create a genuine issue of material fact for trial as to its estoppel defense.

Synovus submits that Accumarine's assertion of laches as a defense is insufficient to defeat a motion for summary judgment. Simply asserting a legal conclusion as a defense does not create a factual issue necessary to defeat a properly supported motion for summary judgment. Accumarine cannot rely on legal conclusions. Accordingly, Accumarine has failed to create a genuine issue of material fact for trial as to the defense of laches.

Accumarine maintains that this suit cannot proceed in federal court, but must be arbitrated in Alabama due to the arbitration provision in the Promissory Notes, as modified. Synovus maintains that the Notes also contain an "Event of Default" as follows:

> default shall be made in the payment of any installment of the principal of, or interest or premium, if any, on the note when and as the same shall become due and payable . . . and the continuation thereof unremedied for ten (10) days . . ."[20]

The Notes further provide:

> Maritime law of the United States applicable to preferred ship mortgages will govern this note, but to the extent not so governed the law of the State of Alabama shall govern.[21]

Accumarine has not disputed that it is in default. The court finds the arbitration provision does not prohibit Synovus from filing the instant suit in federal court; in other words, Synovus has

---

[20] Plaintiff's exhibit 6, p. 2; Plaintiff's exhibit 2, p. 2, R. #31-4.

[21] Plaintiff's exhibit 6, p. 2; Plaintiff's exhibit 2, p. 3, R. #31-4.

the right to file suit *in rem* regardless of the arbitration provision.[22]

Accumarine suggests that the motion for summary judgment is premature because it has a right to establish the fair market value of the ACCU X for purposes of posting bond pursuant to Supplemental Admiralty Rule E(5)(a). Accumarine argues that Synovus's motion is a premature attempt to circumvent that right. Synovus remarks that the vessel was arrested quite some time ago and the vessel owner's response was to remove the crew and cancel the insurance. Synovus informs the court that in addition to incurring daily expenses for the guard service and U.S. Marshal's Office, Synovus also had to place insurance on the vessel because of Accumarine's additional breach caused by it canceling the insurance. Synovus maintains that the court should enter judgment in favor of plaintiff and against the vessel *in rem* for the amount due because when the court does so, there will be a period of advertisement for sale of the vessel, and the owner can attempt to bond out the vessel at any time before the sale.

Accumarine cites cases which hold that a continuance should be granted unless the non-moving party has not diligently pursued discovery,[23] and that ordinarily, a court should not grant summary judgment before the completion of discovery.[24] While this may be true in most

---

[22] This finding is also supported by the following provision in the Notes, as amended.
... Holder's (Synovus') right to take or dispose of any collateral securing this note includes, without limitation, the right of holder to enforce any preferred mortgage lien in a civil action *in rem* pursuant to 46 U.S.C.A. section 31325; obtaining injunctive relief or for a temporary restraining order, invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver, or exercising any rights relating to personal property, including the taking or disposing of such property with or without judicial process . . . Plaintiff's exhibit 2, p. 3, Plaintiff's exhibit 6, p. 3.

[23] Wichita Falls Office Associates, 978 F.2d at 919.

[24] Xerox Corp., 888 F.2d at 354.

circumstances, there is no dispute of fact in this case. Accumarine has defaulted on a loan, and has presented no summary judgment evidence to dispute the *in rem* claims of Synovus for a judgment against the vessel in accordance with the Notes. Accumarine has had ample time to post bond on the vessel and has not done so. Thus, we find no reason, nor law, that would prohibit the granting of this motion for summary judgment in Synovus' favor for the amount of the undisputed debt. Nor does this court find merit to Accumarine's argument that a continuance should be granted in order for it to prepare its defenses. Accumarine has failed to submit summary judgment evidence as to the event of default and/or the amount of debt Synovus maintains is owed.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted in favor of Synovus Bank and against defendant, *in rem*, in the amount of $4,156,151.70 together with interest at $830.18 per day from February 2, 2011 until the date of this judgment; thereafter, the interest shall be calculated by post-judgment interest in accordance with 28 U.S.C. § 1961 together with costs including *in custodia legis* expenses for the arrest and keeping of the vessel.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of May, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE